UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ARMANDO ZUNIGA-RAMIREZ,<br>Defendant. | Case No. 18-cr-00502-LHK-1 (VKD)<br><br>**DETENTION ORDER** |

The United States moved for detention of defendant Armando Zuniga-Ramirez pursuant to 18 U.S.C. § 3142(f)(2). The Court held hearings on the government's motion on January 3 and 9, 2018. Mr. Zuniga-Ramirez was present at the hearing, with the assistance of an interpreter, and was represented by counsel. For the reasons stated on the record during the hearing and as set forth below, the Court finds that there are no conditions, or combination of conditions, of release that would reasonably assure Mr. Zuniga-Ramirez's appearance for proceedings before the Court.

## I. BACKGROUND

The government charges Mr. Zuniga-Ramirez with a single violation of 8 U.S.C. § 1326, illegal reentry following deportation. The government argues that Mr. Zuniga-Ramirez poses a serious risk of flight. Mr. Zuniga-Ramirez contends that he does not pose a risk of flight, and he seeks release pending trial in this matter. He proposed that the Court release him on a $30,000 unsecured bond, co-signed by his adult son, with a requirement that he reside at a halfway house. In addition to the evidence proffered by the government and the defense, the Court has reviewed the reports prepared by Pretrial Services on December 28, 2018 and January 8, 2019.

## II. LEGAL STANDARDS

On a motion for pretrial detention, the government bears the burden to show by a

preponderance of the evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance. *United States v. Motamedi*, 767 F.2d 1403, 1407 (9th Cir. 1985).

In evaluating whether pretrial release is appropriate, the Court must consider (1) the nature and circumstances of the offense charged, (2) the weight of the evidence against the defendant, (3) the defendant's history and characteristics (including his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, and record concerning appearance at court proceedings), and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g).

## III. DISCUSSION

### A. Nature and Circumstances of the Offense

According to the indictment and the government's proffer, Mr. Zuniga-Ramirez is not a U.S. citizen, and was found in the country without permission on or about October 25, 2016, having been deported on two prior occasions. Dkt. No. 1. Mr. Zuniga-Ramirez faces a maximum term of imprisonment of 20 years, although his likely sentence if convicted would be a fraction of that amount of time. The offense charged is non-violent and victimless.

### B. Weight of the Evidence

The weight of the evidence is difficult to assess at this stage of the case. A grand jury heard evidence of at least the offense charged in the indictment and found probable cause supported that charge. The government proffered no other evidence in support of the charge. The Court observes that the weight of the evidence is the least important consideration. *Motamedi*, 767 F.2d at 1408.

### C. Personal Characteristics of the Defendant

Mr. Zuniga-Ramirez is 40 years old. Most recently, he has lived at a ranch in Santa Cruz County and at other locations in this district, although he has not always had a stable residence and has been incarcerated for some periods of his life.

The government proffers that Mr. Zuniga-Ramirez is a citizen of Mexico and owns property there. His father and six siblings, with whom he has varying degrees of contact, reside in Mexico. His wife/domestic partner resides in Soquel, California, although they appear to be estranged. Mr. Zuniga-Ramirez has five children, all of whom reside in Soquel, California

Mr. Zuniga-Ramirez completed middle school. He is currently unemployed, but expects he could find employment if released from custody. He has been employed in the past as a janitor, house cleaner, and laborer, although Pretrial Services has not been able to verify such employment. Mr. Zuniga-Ramirez has no recent history of substance abuse. He takes medication for anxiety and depression.

Mr. Zuniga-Ramirez has several arrests and one or two recent adult criminal convictions within the past three years, although the information available to the Court regarding Mr. Zuniga-Ramirez's criminal history appears to contain some inaccurate or incomplete information.

Mr. Zuniga-Ramirez does not have any financial resources available to him. However, his adult son, who earns approximately $2,000/month has indicated a willingness to co-sign an unsecured bond in the amount of $30,000 on Mr. Zuniga-Ramirez's behalf. If released Mr. Zuniga-Ramirez would have no stable residence; he may not reside with his estranged wife or his adult son, and there is no other non-custodial residential facility available to house him at this time.

**D.   Nature and Seriousness of the Danger to Others Posed by Defendant's Release**

The Court is aware of no evidence that Mr. Zuniga-Ramirez's release would pose a danger to others or to the community.

**E.   Consideration of Conditions of Release**

The Bail Reform Act of 1984 favors pretrial release, not detention. The Court has considered whether there is a combination of conditions of release that will reasonably assure Mr. Zuniga-Ramirez's appearance as required in this case. The Court concludes they would not. Mr. Zuniga-Ramirez's ties to Mexico, including his family ties, citizenship and ownership of property in Mexico, as well as his history of unstable residence, support the government's motion for detention based on a risk of non-appearance. His ties to this district weigh against this risk, and

the availability of a suitable co-signer for an unsecured bond in an amount not to exceed $30,000 would allow the Court to further mitigate this risk. However, the existence of some stable residence for Mr. Zuniga-Ramirez is a necessary condition of release in these circumstances, and such residence is not available at this time.

Accordingly, the Court finds that, based on the present record, the government has carried its burden to show by a preponderance of the evidence that no condition, or combination of conditions, of release could be imposed that would reasonably assure Mr. Zuniga-Ramirez's appearance as required, and Mr. Zuniga-Ramirez has not rebutted that showing.

Mr. Zuniga-Ramirez may ask to reopen the detention hearing if there is new information that would be material to the Court's decision on this issue.

## IV. CONCLUSION

Mr. Zuniga-Ramirez is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Mr. Zuniga-Ramirez shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on the request of an attorney for the government, the person in charge of the corrections facility shall deliver Mr. Zuniga-Ramirez to the United States Marshal for the purpose of appearances in connection with court proceedings.

**IT IS SO ORDERED.**

Dated: January 9, 2019

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge

4